UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| NANCY ANTCZAK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No.: 3:09-CV-82 |
| ) | (VARLAN/SHIRLEY) |
| ASHLAND DISTRIBUTION COMPANY, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

This civil action is before the Court on the Motion to Dismiss for Failure to Prosecute filed by defendants Fibre Glass-Evercoat Company ("FGE") and ITW SprayCore ("ITW") [Doc. 24]. As a result of plaintiff's failure to respond to the motion, the Court ordered plaintiff to show cause in writing why the motion to dismiss should not be granted and the case dismissed for failure to prosecute [Doc. 25].

In response to the Court's order, plaintiff filed an answer to defendants' motion [Doc. 26], which plaintiff later amended [Doc. 31]. Plaintiff also filed a motion to set [Doc. 30]. Defendants filed a reply in support of the motion to dismiss [Doc. 33], a response to plaintiff's answer to the show cause order [Doc. 34], and a response to plaintiff's motion to set [Doc. 35]. Thereafter, plaintiff filed an amended answer to the show cause order [Doc. 36]. Defendant Ashland, Inc., sued as Ashland Distribution Company & Ashland Speciality Chemical Co., ("Ashland" and, together with FGE and ITW, "defendants") later joined FGE's and ITW's motion to dismiss [Doc. 37], which plaintiff answered [Doc. 38].

For the reasons explained herein, the Court will deny defendants' motion to dismiss and deny plaintiff's motion to set.

## I. Background

Plaintiff commenced this action in state court on January 29, 2009 against several defendants: FGE, ITW, Ashland, Cook Composites and Polymers Co., HK Research Corp., and Nestee Polyester [Doc. 1]. It was removed to this Court on March 2, 2009 [*Id.*].

On June 30, 2009, defendant HK Research Corp. was voluntarily dismissed pursuant to Rule 41(a) of the Federal Rules of Civil Procedure [Doc. 20]. On July 7, 2009, the Court ordered plaintiff to show cause why the case against defendant Nestee Polyester should not be dismissed for plaintiff's failure to achieve service of process [Doc. 21]. Plaintiff did not respond to the motion, and the Court accordingly dismissed the claims against Nestee Polyester without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure [Doc. 22]. On May 24, 2011, defendant Cook Composites and Polymers Co. was dismissed with prejudice pursuant to stipulation of the parties [Doc. 23]. Accordingly, only FGE, ITW, and Ashland remain as defendants in this action.

In support of the motion to dismiss for failure to prosecute, FGE and ITW submit that plaintiff is "clearly guilty of delay" [Doc. 24]. Since this case was removed, a time period of approximately twenty-eight months has passed and FGE and ITW contend that plaintiff

2

has not engaged in any activity with FGE and ITW other than an interview of plaintiff on May 7, 2009 and a brief telephone conference on June 27, 2011 between counsel for FGE and ITW and counsel for plaintiff, which was initiated by counsel for FGE and ITW for the purpose of requesting dismissal of FGE and ITW [*Id.*].  Also, FGE and ITW submit that the Rule 26(f) conference has not been conducted, no initial disclosures have been submitted, and no formal discovery has been conducted [*Id.*].  They further argue that plaintiff is guilty of contumacious conduct for failing to respond to an order of the Court regarding service of process on defendant Nestee Polyester [*Id.*].

    In response, plaintiff submits that plaintiff has been actively engaged with defendants and has reached confidential settlement agreements with two of the defendants in this case; has conducted her discovery; has listed witnesses and experts in the original filing; and is ready for this matter to be heard as soon as the Court can hear it [Docs. 26, 31].  Plaintiff, however, admits that the discovery conducted in this case "has not met the parameters of [R]ule 26" [Doc. 31].  Plaintiff also submits that her attorney has not practiced in federal court for four years, was unfamiliar with the federal system of electronic filing, and had his electronic filing account closed due to inactivity, and that all of the notices of filings in this case went to his "spam" folder [Docs. 26, 31].  She claims that it was not until her attorney received a courtesy call from opposing counsel that he became aware of the problem and he

3

received training to file responses [Docs. 26]. Plaintiff also requests a date for the Rule 26 conference [Doc. 31].[1]

FGE and ITW counter that plaintiff's claim that she "has been actively engaged with the [d]efendants, that she has conducted her discovery, that she has listed witnesses and experts in the original filing, and that she is ready for this matter to be heard as soon as the Court can set a date," are false [Doc. 33 (quotation marks omitted)]. With respect to the claim that plaintiff has listed witnesses and experts in the complaint, FGE and ITW point out that the complaint does not identify any fact witnesses and the only reference to experts is paragraph ten, which alleges that plaintiff has been seen by three physicians who diagnosed her with asthma caused by exposure to toxic industrial chemicals during her employment at Mastercraft Boat Company [*Id.*].

FGE and ITW also reiterate that the "only activity in this case prior to the filing of the motion to dismiss that involved FGE and ITW was an interview of [p]laintiff on May 7, 2009" and a call two years later, from defense counsel to plaintiff's counsel requesting a dismissal for failure to prosecute [Docs. 33, 34]. They further submit that no written discovery has been served, no depositions have occurred, no trial date or schedule was

---

[1]Plaintiff later filed a document entitled "Amended Plaintiff's Answer to Show Cause Order" because her previous answer "was not as complete as necessary and could have been misconstrued" [Doc. 36]. Plaintiff makes three points: (1) plaintiff settled with two defendants in this action; (2) plaintiff completed her discovery and is ready for trial, but the discovery did not meet the requirements of the Federal Rules of Civil Procedure, supplied defendants with a list of experts and witnesses in the original complaint, and allowed defendants to interview plaintiff although no deposition was taken; and (3) plaintiff's attorney was unfamiliar with the federal system of electronic filing [*Id.*]. Plaintiff also requests that the Court set a trial date or a date for a scheduling conference [*Id.*].

4

requested from the Court, and plaintiff did not request anything until after the Court's second show cause order [*Id.*]. And with respect to plaintiff's counsel not being able to access the Court's electronic filing system, they argue that he still would have received email notifications and that attorneys prosecuting in federal court should know about the electronic filing system [*Id.*]. Thus, FGE and ITW argue, plaintiff has failed to prosecute her claims against them and it "is absurd for [p]laintiff to take no action for over two years and then file a motion requesting an expedited trial date" [*Id.*].

Ashland later submitted a joinder in the motion to dismiss for failure to prosecute [Doc. 37]. Ashland informs the Court that it agrees with FGE and ITW that this case should be dismissed for failure to prosecute and adopts the arguments and reasoning of FGE and ITW [*Id.*]. Plaintiff filed an answer to Ashland's joinder, which generally demands strict proof on the matters asserted therein [Doc. 38].

**II.    Motion to Dismiss for Failure to Prosecute**

   **A.    Standard of Review**

Rule 41(b) of the Federal Rules of Civil Procedure provides:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule—except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits.

"The dismissal of a claim for failure to prosecute is a harsh sanction which the court should order only in extreme situations showing a clear record of contumacious conduct by the

5

plaintiff." *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005) (citing *Little v. Yeutter*, 984 F.2d 160, 162 (6th Cir. 1993) (quotation marks omitted)). "On the one hand, there is the court's need to manage its docket, the public's interest in expeditious resolution of litigation, and the risk of prejudice to a defendant because the plaintiff has failed to actively pursue its claims. On the other hand is the policy which favors disposition of cases on their merits." *Little*, 984 F.2d at 162 (citations omitted).

The Sixth Circuit has identified four factors to consider when deciding whether to dismiss a case for failure to prosecute under Rule 41(b): "(1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered." *Knoll v. Am. Tel. & Tel.*, 176 F.3d 359, 363 (6th Cir. 1999) (citing *Stough v. Mayville Comm. Sch.*, 138 F.3d 612, 615 (6th Cir. 1998)). These factors "have been applied more stringently in cases where the plaintiff's attorney's conduct is responsible for the dismissal." *Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 367 (6th Cir. 1997). "Although typically none of the factors is outcome dispositive, it is said that a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct." *Knoll*, 176 F.3d at 363 (citing *Carter v. City of Memphis*, 636 F.2d 159, 161 (6th Cir.1980)).

### B. Analysis

Considering the four factors required to determine whether dismissal for failure to prosecute is warranted—which no party addressed—the Court finds that defendants' request to dismiss this case for failure to prosecute with prejudice is without merit as there is not a clear record of delay or contumacious conduct by plaintiff or her attorney.

#### 1. Willfulness, Bad Faith, or Fault

"For a plaintiff's actions to be motivated by bad faith, willfulness, or fault, his conduct 'must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of [his] conduct on those proceedings.'" *Wu*, 420 F.3d at 643 (citing *Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586, 591 (6th Cir. 2001) (citation and quotation marks omitted) (alteration in original)).  Here, plaintiff did ignore the Court's July 7, 2009 order directing plaintiff to provide proof of service or otherwise show cause why the case against defendant Nestee Polyester should not be dismissed [Docs. 21, 22].  Plaintiff also did not comply with the Court's Local Rules, which provides that "[a]ll attorneys practicing in the Eastern District of Tennessee must register as Electronic Filing Users and file their pleadings electronically through the Case Management/Electronic Case Filing (CM/ECF) system, or show the presiding judge good cause to file and serve documents in the traditional manner." E.D. Tenn. L.R. 5.2(b).

Plaintiff, however, has settled with two defendants in this action, and her counsel now appears to be in compliance with the Local Rule regarding electronic filing.  It also does not appear that plaintiff has been uncooperative in any attempt of defendants to engage in

7

discovery or further this litigation. Indeed, upon notice of the Court's most recent show cause order, plaintiff filed a prompt response. Accordingly, the Court cannot find on the basis of what has been presented to it that plaintiff has willfully thwarted these judicial proceedings or proceeded in reckless disregard for the effect of her conduct on the proceedings.

### 2. Prejudice

The Sixth Circuit has held that "a defendant is prejudiced by the plaintiff's conduct where the defendant 'waste[d] time, money, and effort in pursuit of cooperation which [the plaintiff] was legally obligated to provide." *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 737 (6th Cir. 2008) (citation omitted). Defendants have not alleged that they have been prejudiced by plaintiff's delay. Indeed, defendants inform the Court that hardly any activity has occurred in this case. Thus, although recognizing that defendants filed and answer and the instant motion to dismiss and interviewed plaintiff, the Court cannot find that they have wasted time, money or effort in cooperating with plaintiff or defending this action.

### 3. Fair Warning

"[P]rior notice, or the lack thereof, is . . . a key consideration in determining" whether a case should be dismissed for failure to prosecute. *Schafer*, 529 F.3d at 737 (citation and internal quotation marks omitted). There is no evidence that the Court has put plaintiff on notice that dismissal would be imminent, except for the order to show cause why the case against FGE and ITW should not be dismissed for failure to prosecute. Plaintiff however, complied with the Court's order. Plaintiff is now on notice that any delay, failure to comply

8

with Court orders or rules, or other sanctionable conduct could result in dismissal of this action.

### 4. Alternative Sanctions

The Sixth Circuit "held that '[t]he sanction of dismissal is appropriate only if the attorney's actions amounted to failure to prosecute and *no alternative sanction* would protect the integrity of the pretrial process.'" *Wu*, 420 F.3d at 644 (citing *Mulbah*, 261 F.3d at 589 (citation and quotation marks omitted) (emphasis in original)). Defendants do not seek any lesser sanction than dismissal with prejudice,[2] and in light of the record and the arguments of the parties, the Court does not find that plaintiff has failed to prosecute this action.

## III. Motion to Set

In plaintiff's motion to set, plaintiff requests that the Court "forego a pretrial conference . . . and immediately set this matter for jury trial or in the alternative, set this matter for a [pretrial] conference" [Doc. 30]. In support, plaintiff submits that this action was commenced in state court on January 29, 2009 and removed to this Court on March 2, 2009 [*Id.*]. Further, plaintiff submits that defendants have been notified of plaintiff's witnesses and experts in the original complaint but have not attempted to depose such persons even though there has been adequate time to do so [*Id.*].

---

[2]Defendants seek dismissal with prejudice pursuant to Rule 41(b) and any further and additional relief the Court deems appropriate [*See* Docs. 24, 33, 34, 37].

9

In response [Doc. 35], FGE and ITW[3] contend that plaintiff has not formally disclosed her witnesses as required by Rule 26 of the Federal Rules of Civil Procedure, and there has been no activity in this case since it was removed on March 2, 2009, except for an interview of plaintiff on May 7, 2009 and activity related to the motion to dismiss for failure to prosecute [*Id.*].

The Court has entered a scheduling order in this matter [Doc. 39] and is not convinced that the trial of this matter should commence on an expedited basis. Plaintiff's motion, therefore, will be denied.

**IV.     Conclusion**

For the reasons explained above, the Court hereby **DENIES** the motion to dismiss for failure to prosecute [Docs. 24, 37] and **DENIES** plaintiff's motion to set [Doc. 30].

IT IS SO ORDERED.

s/ Thomas A. Varlan<br>
UNITED STATES DISTRICT JUDGE

---

[3]The Court notes that Ashland did not join in FGE's and ITW's response to plaintiff's motion to set [*See* Doc. 37]. Although the time to respond to the motion to set has not yet passed, the Court may dispose of a motion prior to the expiration of the response time. E.D. Tenn. L.R. 7.1(a), 7.2.

10